UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) ) ) ) ) ) ) ) | MISC. NO. 1:24-mc-30-AJ<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, an electronic communications service and/or remote computing provider headquartered at 1600 Amphitheater Parkway, Mountain View, California, to disclose certain records and other information pertaining to the Google accounts, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the compromise of a government entity's website (Entity A), which resulted in unauthorized access to birth and death records. As a result of the initial compromise, the threat actor(s) was able to access and create legitimate birth and death records for several individuals. The investigation determined that unauthorized access and activity occurred from September 17, 2022, through at least January 17, 2023.

5. In at least one instance, on approximately November 4, 2022, a fabricated birth record in the name of Alexander Matthew Miller, DOB 3/14/1998, with place of birth listed as Concord, NH, was electronically created in Entity A's vital records system.

6. On approximately November 15, 2022, a US Department of Sate DS-11 application, more commonly known as a passport application, was submitted at the Kimball Library in Atkinson, New Hampshire for Alexander Matthew Miller. Provided with the DS-11 as identification was a Big Sky IT Enterprise Academy Student ID, a New Hampshire Identification

card issued on November 10, 2022, and a New Hampshire Birth Certificate issued on November 8, 2022, all with the name Alexander Matthew Miller.

7. An investigation by the U.S. Department of State, Diplomatic Security Service determined that the Alexander Matthew Miller identity was in fact, Andrew Wesley MAHN of Derry, New Hampshire (DOB: 12/29/1994). MAHN was under indictment in the Northern District of Illinois on wire fraud and computer hacking charges and as a condition of bail, had surrendered his own passport.

8. In February 2023, a grand jury sitting in the District of New Hampshire returned a sealed indictment for MAHN on US passport fraud violations. In May of 2023, Agents of the US Department of State, Diplomatic Security Service arrested Mahn outside his residence. On the same day in May of 2023, Agents from the Federal Bureau of Investigation executed a search warrant at Mahn's residence and seized several electronic devices in relation to the compromise of Entity A's website.

9. On November 8, 2023, MAHN was named in a two-count superseding Information, which charged him with wire fraud arising out of the Northern District of Illinois hacking case and false statement in a passport application. MAHN waived indictment and pleaded guilty to Counts 1 and 2 of the Information.

MAHN'S SUSPECTED INVOLVEMENT WITH INTRUSION OF ENTITY A

10. As noted, on May 1, 2023, this Court (Lynch, M.J.) authorized a search of Mahn's residence and person related to the investigation into the intrusion of Entity A. The investigation revealed that Mahn created an account at Anytime Mailbox/Postal Center USA. Postal Center USA provides mailing and shipping services, including private mailbox rental services, and Anytime Mailbox provides virtual mail services. Anytime Mailbox has a relationship with Postal Center USA whereby Postal Center USA customers can receive online notifications and

3

view external images of amil delivered to a rented private mailbox. It was this rented private mailbox where Mahn sought to have the fraudulent passport delivered.

11. Investigators obtained IP addresses and user agent strings from both Anytime Mailbox as well as Entity A. Every time a web browser makes a request to a website, it sends an HTTP Header called the "user agent." While not unique, the user agent string contains information about the user's web browser (Chrome, Edge, etc), operating system (Windows, MacOS, Linux), software versions, and the device type (computer vs. mobile). User agents are subject to change, particularly browser information, as browsers are updated regularly, and many individuals use multiple browsers from a single device. Every web browser sends its user agent in a different format.

12. User agents serve many purposes. Fundamentally, they are used to control how content is displayed on a device to ensure it fits and works with its hardware and browser. For example, content displayed on a large desktop monitor must be displayed differently than content displayed on a mobile device. User agents are also used by web servers for statistical, marketing and security purposes. While the default settings on most browsers are set to display a user agent that reflects the device's actual characteristics, users can modify their user agent to reflect characteristics that are not indicative of their actual device. In my experience this is generally done for website compatibility testing. Users can also change their user agent settings to appear to be using a different device to defeat a web server's marketing and security efforts.

13. Investigators discovered that malicious activity conducted in Entity A's system while using an IP address and user agent combination, matched the same combination of IP addresses and user agents used by Mahn on the Anytime Mailbox system.

14. While neither the IP addresses nor user agent strings alone are uniquely identifiable, the frequency and matching combination of attributes to Mahn along with the context of the actions taken by the UCA, which included the creation and subsequent search of the Alexander Matthew Miller birth record, provide probable cause to believe the UCA during the reflected actions was, in fact, Mahn.

## IP ADDRESSES ASSOCIATED WITH MAHN

15. As part of the investigation, investigators obtained records from Consolidated Communications for information associated with MAHN's residential telephone and internet account. Consolidated Communications provided information about the IP addresses assigned to MAHN's account during the following time frames (all times in UTC):

| IP Address | From | To |
| --- | --- | --- |
| 70.105.239.17 | 2022-06-01T05:08:42 | 2022-06-22T01:15:51 |
| 70.20.56.240 | 2022-06-22T01:24:10 | 2022-07-16T07:29:28 |
| 72.64.0.146 | 2022-07-16T07:29:39 | 2022-07-19T00:09:14 |
| 70.20.57.252 | 2022-07-19T00:17:43 | 2022-07-19T00:31:49 |
| 72.64.0.203 | 2022-07-19T00:42:50 | 2022-09-08T02:45:48 |
| 71.241.128.244 | 2022-09-08T04:00:44 | 2022-09-17T06:56:27 |
| 70.20.53.124 | 2022-09-17T07:05:23 | 2022-09-26T10:06:47 |
| 70.20.59.85 | 2022-09-26T10:07:15 | 2022-10-11T00:24:31 |
| 70.20.56.79 | 2022-10-11T00:26:50 | 2022-10-21T09:28:20 |
| 70.20.59.20 | 2022-10-21T09:28:30 | 2022-10-26T17:31:31 |
| 70.20.47.96 | 2022-10-26T17:31:41 | 2022-10-27T13:54:26 |
| 70.105.239.244 | 2022-10-27T13:57:33 | 2022-12-30T16:13:01 |
| 70.20.58.98 | 2022-12-30T16:13:09 | 2023-01-23T04:52:06 |
| 70.20.47.158 | 2023-01-23T05:06:27 | 2023-02-04T17:00:27 |
| 70.20.56.231 | 2023-02-04T17:02:08 | 2023-02-06T23:00:37 |

16. The records sought in this order will identify any other Google accounts accessed from Mahn's residential IP addresses assigned during these dates and times.

REQUEST FOR ORDER

17.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities.  Specifically, these records will help determine the extent of Mahn's involvement in the intrusion of Entity A.  The records will show what accounts are linked by cookies or other data to these known accounts, which will allow investigators to determine which other accounts were used as part of the intrusion.  The United States is requesting records beginning approximately three months prior to the first unauthorized activity, as this will allow investigators to determine baseline activity for these accounts prior to the intrusion activity, and better help identify activity that is outside of the normal expected activity within the accounts.  Accordingly, the United States requests that Google LLC be directed to produce all items described in Attachment A to the proposed Order.

18.     The United States further requests that the Order require Google LLC not to notify any person, including the subscribers or customers of the account(s) listed in Part I, Attachment A, of the existence of the Order until one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the

investigation, and its disclosure may alert the targets to the ongoing investigation. Specifically, while Mahn is facing passport charges, he has not been charged with the intrusion into Entity A. And while Mahn is aware that he is being investigated for some involvement in the investigation, he does not know the full extent of the Government's evidence, nor does he know that the Government has identified various user accounts of his. Because the evidence requested is stored electronically, this creates a greater risk that notification could cause subjects under investigation to destroy evidence, including information saved to their accounts or devices. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5).

19.     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                    Respectfully submitted,

                                    JANE E. YOUNG
                                    United States Attorney


Dated: April 16, 2024               /s/ John J. Kennedy
                                    John J. Kennedy
                                    Assistant United States Attorney
                                    53 Pleasant Street, 4th floor
                                    Concord, NH  03301